**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILTON E. ROBINSON, | No.    16-55019 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-08312-JFW-MRW |
| v. | |
| COUNTY OF LOS ANGELES, a government agency, | MEMORANDUM* |
| Defendant, | |
| and | |
| LOS ANGELES COUNTY PROBATION DEPARTMENT, a governmental agency; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted June 5, 2017
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  THOMAS, Chief Judge, REINHARDT, Circuit Judge, and KORMAN,[**] District Judge.

Appellant Milton Robinson, a former probation officer with the Los Angeles County Probation Department, appeals the district court's grant of summary judgment to the Probation Department, Los Angeles County, and several individual defendants on his action alleging various theories arising out of his assignment to a different division in the Department.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

The district court properly granted summary judgment to Defendants on Robinson's due process claims.  We need not decide whether Robinson possessed a protectable property interest in his position with the Special Enforcement Operation Unit, *see Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982–83 (9th Cir. 1998),  because his constitutional procedural due process rights were not violated.  He was given written notice of the charges against him, an explanation of his employer's evidence, and ample opportunity to present his side of the story.  *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).  That is all that is required.

---

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

II

The district court also properly dismissed Robinson's claims under state law based on his failure to comply with the California Government Tort Claims Act, Cal. Gov. Code § 900, *et seq.*, as required to bring suit for money damages against a public entity. *See Mohsin v. Cal. Dep't of Water Res.*, 52 F. Supp. 3d 1006, 1017 (E.D. Cal. 2014) (explaining that California permits "no suit for money or damages . . . against a public entity unless the claims have been presented for review and the state issues notice rejecting those claims") (citing Cal. Gov. Code § 900, *et seq.*). Robinson argues that because Defendants consented to his Second Amended Complaint, they should be estopped from arguing that he failed to comply with state law. This argument is without merit. *See, e.g.*, *Castaneda v. Dep't of Corrs. & Rehab.*, 151 Cal. Rptr. 3d 648, 657 (Cal. Ct. App. 2013) ("A public entity may be estopped from asserting the limitations of the tort claims statutes where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act.") (emphasis omitted).

Similarly, to the extent that Robinson alleged a *Monell* claim under 42 U.S.C. § 1983, that claim also fails because Robinson suffered no constitutional violation. *See City of L.A. v. Heller*, 475 U.S. 796 (1986) ("If a person has suffered no constitutional injury . . . the fact that the departmental regulations might have

*authorized* the use of constitutionally excessive force is quite beside the point.").

And in any case, Robinson alleges no facts that could give rise to an inference that any official policy or custom led to his constitutional rights being violated. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (Where there is a constitutional violation, *Monell* liability requires that it result from "a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers or pursuant to the governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)).[1]

**AFFIRMED.**

---

[1] Although the district court should have ruled on Robinson's evidentiary objections before granting summary judgment, that error was harmless. *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010); *Sanchez v. Aerovias De Mexico, S.A. De C.V.*, 590 F.3d 1027, 1029 (9th Cir. 2010) (acknowledging that a district court must rule on evidentiary objections material to its summary judgment order, but noting this is subject to harmless error analysis).